United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lorelei Nash, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:24-cv-01661 |
| v. § | |
| § | |
| Carolyn W. Colvin, § | |
| Acting Commissioner of Social § | |
| Security,[1] § | |
| § | |
| *Defendant.* | |

## ORDER ON ATTORNEYS' FEES

Plaintiff Lorelei Nash filed a motion requesting an award of attorneys' fees incurred for prosecuting her successful appeal of the Social Security Administration's adverse ruling under 42 U.S.C. § 405(g). Dkt. 17. The Commissioner does not oppose Nash's request. *See id.* at 5 (certificate of conference). As addressed below, Plaintiff's motion is granted.

## Analysis

I.  **Nash is entitled to recover attorneys' fees.**

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social

---

[1] The Court is aware that Leland Dudek is now the Acting Commissioner, but no request to formally substitute him as Defendant has been made.

Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that she is the prevailing party; (2) that she timely filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

Nash is the prevailing party. This is because the Court granted the Commissioner of Social Security's request to reverse and remand this case for further administrative proceedings. *See* Dkt. 14 (motion); Dkt. 15 (order); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand pursuant to 42 U.S.C. § 405(g) confers a plaintiff with prevailing party status).

Nash also timely filed her motion for attorneys' fees within thirty days of when the judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 16 (November 12, 2024 final judgment); Dkt. 15 (December 30, 2024 motion). Nothing indicates that the Commissioner's position was substantially justified or that any special circumstances would make a fee award unjust. To the contrary, the Commissioner agreed that remand is warranted under the

fourth sentence of 42 U.S.C. § 405(g).  *See* Dkt. 14.  An award of fees under the EAJA is therefore proper.

Next, the Court examines the number of hours worked and the applicable hourly rate.  Although Nash's counsel performed 33.2 hours of work on the case, *see* Dkt. 17-1 at 2-3, Nash voluntarily reduced the requested figure to 31.0 attorney hours, Dkt. 17 at 2.  31.0 hours falls within the typical range for Social Security appeals.  *See, e.g.*, *Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (typical range is twenty to forty hours).

Counsel's requested hourly rate of $236.40 exceeds the default EAJA rate of $125.  Upward adjustments in the EAJA rate, which was last amended in 1996, are appropriate to account for increased cost of living or other special factors.  28 U.S.C. § 2412(d)(2)(A) (authorizing courts to exceed $125/hour if "an increase in the cost of living or special factor ... justifies a higher fee"); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  Courts routinely use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine" hourly-rate adjustments.  *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *3 (S.D. Tex. Feb. 9, 2022); *Reese*, 2021 WL 2188686, at *2 (same).  The relevant CPI is that of the area where this Court sits; it is not the CPI for the "South" generally.  *Compare Deborah S.*, 2022 WL 393834, at *3 n.7 (applying local CPI to determine appropriate hourly rate, although counsel was based in New York), *with* Dkt. 17 at 1-2 & n.1 (citing CPI for "South").

3

In 1996, the CPI for the Houston-Woodlands-Sugar Land, Texas area was 142.00. By 2024, the CPI in this region had increased 92.15% (*i.e.*, (274.201 - 142.70)/142.70).[2] This makes the adjusted hourly rate $240.19 (*i.e.* $125 x 1.9215) for services performed in 2024.

Multiplying the local CPI-adjusted hourly rate ($240.19) and the number of attorney hours requested (31 hours) results in a total of $7,445.89. Nash's requested figure of $7,328.40 is less than the lodestar figure. The Court finds $7,328.40 to be a reasonable fee award in this case.

## II.   **Nash is also entitled to recover costs of court.**

Nash also requests reimbursement of $405.00 for the costs of filing this suit. *See* Dkt. 17-1 at 1 (citing Dkt. 1); *see also* Fee Schedule, S.D. Tex. (Dec. 1, 2023), *available at* https://perma.cc/N49Z-282N. As the prevailing party, the EAJA authorizes Nash to recover costs incurred pursuing this action. *See* 28 U.S.C. § 2412(a)(1). The term "costs" includes court filing fees. *See id.* (incorporating 28 U.S.C. § 1920); *id.* § 1920 (costs include filing fees). Nash is entitled to recover the filing fee.

---

[2] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is available on the U.S. Bureau of Labor Statistics' website. *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://perma.cc/83YX-2829.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Lorelei Nash's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. 17) is **GRANTED**.

It is further **ORDERED** that Plaintiff be awarded $7,328.40 in attorneys' fees and $405.00 in recoverable court costs.

Signed on March 20, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge